# EXHIBIT B

E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**19-C-05322-S4**
**8/20/2019 9:17 AM**

*[signature]*
CLERK OF STATE COURT

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| KENNETTE REED, as Surviving Spouse And Administrator of the Estate of EDD LEE REED, deceased, )<br><br>Plaintiff, )<br><br>VS. )<br><br>EASTSIDE MEDICAL CENTER, INC.; LP ATLANTA, LLC, d/b/a SIGNATURE HEALTHCARE OF BUCKHEAD; SIGNATURE HEALTHCARE CLINICAL CONSULTING SERVICES, LLC; SIGNATURE HEALTHCARE CONSULTING SERVICES, LLC; LPO HOLDINGS, LLC; JOHN DOES (1-5); And ABC CORPORATIONS (1-5), )<br><br>Defendants. ) | CIVIL ACTION<br><br>FILE NO. 19-C-05322-S4 |

### ANSWER AND AFFIRMATIVE DEFENSES OF EASTSIDE MEDICAL CENTER, INC. TO PLAINTIFF'S COMPLAINT AND AMENDED COMPLAINT

COMES NOW, Eastside Medical Center, Inc., improperly named as a Defendant in the above-captioned civil action, and for its Answer and Affirmative Defenses to Plaintiff's Complaint and Amended Complaint, hereby responds as follows:

### FIRST DEFENSE

Plaintiff's Complaint and Amended Complaint fails to state a claim against this Defendant upon which relief can be granted.

### SECOND DEFENSE

Defendant shows that no act or omission on the part of this Defendant either contributed to or caused any of the alleged injuries or damages claimed by Decedent with the result that the Plaintiff is not entitled to recover anything whatsoever from this Defendant in this case.

### THIRD DEFENSE

The sole, direct and proximate cause of any injuries or damages which Decedent might have sustained was due to the negligence of the Plaintiff or some person, persons or entities other than this Defendant, with the result that the Plaintiff is not entitled to recover anything whatsoever of this Defendant in this case.

### FOURTH DEFENSE

Defendant acknowledges that the affidavits of Suzanne Frederick, MSN, RN-BC, CWCN and Patricia Roan, MHA, RN, LNHA are attached to Plaintiff's Complaint and Amended Complaint.  Through the course of discovery, if it is determined that said affidavits fail to meet the requirements set forth under O.C.G.A. § 9-11-9.1 and/or O.C.G.A. § 24-7-702, Plaintiff's case must be dismissed.  Defendant reserves the right to file a motion to dismiss on the aforesaid grounds should the same be determined in discovery.

### FIFTH DEFENSE

This Defendant states that any care and treatment which had been afforded to Decedent by this Defendant, at all times and in all respects, was and has been in accordance with the standard of care exercised by medical professionals generally under like or similar circumstances.  Any injuries suffered by the Decedent occurred not as a result of the negligence of any party, but was rather the result of matters beyond the ability of science, which is inherently an inexact science.

### SIXTH DEFENSE

To the extent as may be shown by evidence through discovery, this Defendant asserts the affirmative defenses of assumption of the risk, contributory/comparative negligence, failure of Decedent to exercise ordinary care for his own safety, failure of Decedent to avoid

consequences, failure to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations and waiver.

SEVENTH DEFENSE

To the extent as may be shown by evidence through discovery, Defendant raises all those affirmative defenses as set forth in O.C.G.A. §§ 9-11-8(c) and 9-11-12(b) and none of these defenses are waived.

EIGHTH DEFENSE

At all times concerning the occurrence giving rise to this action, Decedent was not in the exercise of ordinary care for his own safety, with the result that the Plaintiff is not entitled to recover anything whatsoever of this Defendant in this case.

NINTH DEFENSE

This Defendant states that O.C.G.A. § 51-1-29.5 should be applicable herein and if so, this Complaint may be subject to dismissal if Plaintiff cannot show gross negligence by clear and convincing evidence.

TENTH DEFENSE

Eastside Medical Center, Inc. is not the proper entity to this lawsuit and therefore, Plaintiff's Complaint and Amended Complaint against this Defendant should be dismissed.

ELEVENTH DEFENSE

By way of response and answer to the specific allegations contained in Plaintiff's Complaint and Amended Complaint, and subject to all defenses heretofore set forth, this Defendant shows the Court as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 1 of Plaintiff's Complaint and Amended Complaint and therefore, denies same.

2.

Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 2 of Plaintiff's Complaint and Amended Complaint and therefore, denies same.

3.

Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint and Amended Complaint.

4.

Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 4 of Plaintiff's Complaint and Amended Complaint and therefore, denies same.

5.

Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 5 of Plaintiff's Complaint and Amended Complaint and therefore, denies same.

6.

Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 6 of Plaintiff's Complaint and Amended Complaint and therefore, denies same.

7.

Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 7 of Plaintiff's Complaint and Amended Complaint and therefore, denies same.

8.

Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 8 of Plaintiff's Complaint and Amended Complaint and therefore, denies same.

9.

Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 9 of Plaintiff's Complaint and Amended Complaint and therefore, denies same.

10.

Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 10 of Plaintiff's Complaint and Amended Complaint and therefore, denies same.

11.

Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 11 of Plaintiff's Complaint and Amended Complaint and therefore, denies same.

12.

Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 12 of Plaintiff's Complaint and Amended Complaint and therefore, denies same.

13.

Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 13 of Plaintiff's Complaint and Amended Complaint and therefore, denies same.

14.

Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 14 of Plaintiff's Complaint and Amended Complaint and therefore, denies same.

15.

Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint and Amended Complaint.

16.

Defendant admits the allegations contained in Paragraph 16 of Plaintiff's Complaint and Amended Complaint.

17.

Defendant admits the allegations contained in Paragraph 17 of Plaintiff's Complaint and Amended Complaint.

18.

Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 18 of Plaintiff's Complaint and Amended Complaint and therefore, denies same.

## BACKGROUND

19.

In response to Paragraph 19 of Plaintiff's Complaint and Amended Complaint, Defendant states that the medical care and treatment of Edd Lee Reed is generally reflected in his medical records, which speak for themselves. Defendant denies any allegation which is inconsistent with these records or testimony of any treating medical providers. Defendant further denies any allegation or insinuation that it did not meet the applicable standard of care.

20.

In response to Paragraph 20 of Plaintiff's Complaint and Amended Complaint, Defendant states that the medical care and treatment of Edd Lee Reed is generally reflected in his medical records, which speak for themselves. Defendant denies any allegation which is inconsistent with these records or testimony of any treating medical providers. Defendant further denies any allegation or insinuation that it did not meet the applicable standard of care.

21.

Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint and Amended Complaint.

22.

In response to Paragraph 22 of Plaintiff's Complaint and Amended Complaint, Defendant states that the medical care and treatment of Edd Lee Reed is generally reflected in his medical records, which speak for themselves. Defendant denies any allegation which is inconsistent with these records or testimony of any treating medical providers. Defendant further denies any allegation or insinuation that it did not meet the applicable standard of care.

23.

In response to Paragraph 23 of Plaintiff's Complaint and Amended Complaint, Defendant states that the medical care and treatment of Edd Lee Reed is generally reflected in his medical records, which speak for themselves. Defendant denies any allegation which is inconsistent with these records or testimony of any treating medical providers. Defendant further denies any allegation or insinuation that it did not meet the applicable standard of care.

24.

In response to Paragraph 24 of Plaintiff's Complaint and Amended Complaint, Defendant states that the medical care and treatment of Edd Lee Reed is generally reflected in his medical records, which speak for themselves. Defendant denies any allegation which is inconsistent with these records or testimony of any treating medical providers. Defendant further denies any allegation or insinuation that it did not meet the applicable standard of care.

25.

In response to Paragraph 25 of Plaintiff's Complaint and Amended Complaint, Defendant states that the medical care and treatment of Edd Lee Reed is generally reflected in his medical records, which speak for themselves. Defendant denies any allegation which is inconsistent with

these records or testimony of any treating medical providers. Defendant further denies any allegation or insinuation that it did not meet the applicable standard of care.

26.

In response to Paragraph 26 of Plaintiff's Complaint and Amended Complaint, Defendant states that the medical care and treatment of Edd Lee Reed is generally reflected in his medical records, which speak for themselves. Defendant denies any allegation which is inconsistent with these records or testimony of any treating medical providers. Defendant further denies any allegation or insinuation that it did not meet the applicable standard of care.

27.

In response to Paragraph 27 of Plaintiff's Complaint and Amended Complaint, Defendant states that the medical care and treatment of Edd Lee Reed is generally reflected in his medical records, which speak for themselves. Defendant denies any allegation which is inconsistent with these records or testimony of any treating medical providers. Defendant further denies any allegation or insinuation that it did not meet the applicable standard of care.

28.

In response to Paragraph 28 of Plaintiff's Complaint and Amended Complaint, Defendant states that the medical care and treatment of Edd Lee Reed is generally reflected in his medical records, which speak for themselves. Defendant denies any allegation which is inconsistent with these records or testimony of any treating medical providers. Defendant further denies any allegation or insinuation that it did not meet the applicable standard of care.

29.

In response to Paragraph 29 of Plaintiff's Complaint and Amended Complaint, Defendant states that the medical care and treatment of Edd Lee Reed is generally reflected in his medical

records, which speak for themselves. Defendant denies any allegation which is inconsistent with these records or testimony of any treating medical providers. Defendant further denies any allegation or insinuation that it did not meet the applicable standard of care.

30.

In response to Paragraph 30 of Plaintiff's Complaint and Amended Complaint, Defendant states that the medical care and treatment of Edd Lee Reed is generally reflected in his medical records, which speak for themselves. Defendant denies any allegation which is inconsistent with these records or testimony of any treating medical providers. Defendant further denies any allegation or insinuation that it did not meet the applicable standard of care.

31.

Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint and Amended Complaint.

## COUNT ONE

## PROFESSIONAL NEGLIGENCE AGAINST EASTSIDE MEDICAL CENTER, INC.

32.

Defendant reavers, realleges and incorporates by reference their responses to Paragraphs 1 through 31 of Plaintiff's Complaint and Amended Complaint as if fully set forth herein.

33.

Defendant admits that the Affidavit of Suzanne Frederick, MSN, RN-BC, CWCN is attached to the Plaintiff's Complaint and Amended Complaint, purportedly in compliance with the provisions of O.C.G.A. § 9-11-9.1; however, Defendant reserves the right to challenge said affidavit at the appropriate time.  Defendant denies any allegations of negligence.

34.

Defendant Eastside Medical Center acknowledges that it is required to follow the standard of care by its healthcare providers but denies all allegations of Paragraph 34 of Plaintiff's Complaint.

35.

Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint and Amended Complaint, including all subparts.

36.

Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint and Amended Complaint.

## COUNT TWO

## ORDINARY NEGLIGENCE AS TO EASTSIDE MEDICAL CENTER, INC.

37.

Defendant reavers, realleges and incorporates by reference their responses to Paragraphs 1 through 36 of Plaintiff's Complaint and Amended Complaint as if fully set forth herein.

38.

Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint and Amended Complaint.

39.

Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint and Amended Complaint, including all subparts.

40.

Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint and Amended Complaint.

## COUNT THREE

## PROFESSIONAL NEGLIGENCE AGAINST SIGNATURE DEFENDANTS

41.

Defendant reavers, realleges and incorporates by reference their responses to Paragraphs 1 through 40 of Plaintiff's Complaint and Amended Complaint as if fully set forth herein.

42.

Defendant admits that the Affidavit of Patricia Roan, MHA, RN, LNHA, LNC is attached to the Plaintiff's Amended Complaint, purportedly in compliance with the provisions of O.C.G.A. § 9-11-9.1; however, Defendant reserves the right to challenge said affidavit at the appropriate time.

43.

Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 43 of Plaintiff's Complaint and Amended Complaint and therefore, denies same.

44.

Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 44 of Plaintiff's Complaint and Amended Complaint and therefore, denies same.

45.

Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 45 of Plaintiff's Complaint and Amended Complaint and therefore, denies same.

46.

Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 46 of Plaintiff's Complaint and Amended Complaint and therefore, denies same.

## COUNT FOUR

## ORDINARY NEGLIGENCE AS TO SIGNATURE DEFENDANTS

47.

Defendant reavers, realleges and incorporates by reference their responses to Paragraphs 1 through 46 of Plaintiff's Complaint and Amended Complaint as if fully set forth herein.

48.

Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 48 of Plaintiff's Complaint and Amended Complaint and therefore, denies same.

49.

Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 49 of Plaintiff's Complaint and Amended Complaint and therefore, denies same.

50.

Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 50 of Plaintiff's Complaint and Amended Complaint and therefore, denies same.

51.

Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 51 of Plaintiff's Complaint and Amended Complaint and therefore, denies same.

52.

Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 52 of Plaintiff's Complaint and Amended Complaint and therefore, denies same.

53.

Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 53 of Plaintiff's Complaint and Amended Complaint and therefore, denies same.

54.

Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 54 of Plaintiff's Complaint and Amended Complaint and therefore, denies same.

55.

Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 55 of Plaintiff's Complaint and Amended Complaint and therefore, denies same.

## COUNT FIVE

## GEORGIA BILL OF RIGHTS FOR RESIDENTS OF LONG-TERM CARE

## FACILITIES (O.C.G.A. § 31-8-100 et seq.) AGAINST SIGNATURE DEFENDANTS

56.

Defendant reavers, realleges and incorporates by reference their responses to Paragraphs 1 through 55 of Plaintiff's Complaint and Amended Complaint as if fully set forth herein.

57.

Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 57 of Plaintiff's Complaint and Amended Complaint and therefore, denies same.

58.

Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 58 of Plaintiff's Complaint and Amended Complaint and therefore, denies same.

59.

Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 59 of Plaintiff's Complaint and Amended Complaint and therefore, denies same.

60.

Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 60 of Plaintiff's Complaint and Amended Complaint and therefore, denies same.

61.

Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 61 of Plaintiff's Complaint and Amended Complaint and therefore, denies same.

## COUNT SIX

## VICARIOUS LIABILITY UNDER THE DOCTRINE OF RESPONDEAT SUPERIOR AND ACTUAL OR APPARENT AGENCY

62.

Defendant reavers, realleges and incorporates by reference their responses to Paragraphs 1 through 61 of Plaintiff's Complaint and Amended Complaint as if fully set forth herein.

63.

Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 63 of Plaintiff's Complaint and Amended Complaint and therefore, denies same.

64.

Defendant denies the allegations contained in Paragraph 64 of Plaintiff's Complaint and Amended Complaint.

65.

Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 65 of Plaintiff's Complaint and Amended Complaint and therefore, denies same.

66.

Defendant denies the allegations contained in Paragraph 66 of Plaintiff's Complaint and Amended Complaint.

67.

Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 67 of Plaintiff's Complaint and Amended Complaint and therefore, denies same.

68.

Defendant denies the allegations contained in Paragraph 68 of Plaintiff's Complaint and Amended Complaint.

69.

Defendant denies the allegations contained in Paragraph 69 of Plaintiff's Complaint and Amended Complaint.

70.

Defendant denies the allegations contained in Paragraph 70 of Plaintiff's Complaint and Amended Complaint.

## COUNT SEVEN

## WRONGFUL DEATH

71.

Defendant reavers, realleges and incorporates by reference their responses to Paragraphs 1 through 70 of Plaintiff's Complaint and Amended Complaint as if fully set forth herein.

72.

Defendant denies the allegations contained in Paragraph 72 of Plaintiff's Complaint and Amended Complaint.

73.

Defendant denies the allegations contained in Paragraph 73 of Plaintiff's Complaint and Amended Complaint.

## COUNT EIGHT

## LOSS OF CONSORTIUM

74.

Defendant reavers, realleges and incorporates by reference their responses to Paragraphs 1 through 73 of Plaintiff's Complaint and Amended Complaint as if fully set forth herein.

75.

Defendant denies the allegations contained in Paragraph 75 of Plaintiff's Complaint and Amended Complaint.

## COUNT NINE

### PUNITIVE DAMAGES AGAINST SIGNATURE DEFENDANTS

76.

Defendant reavers, realleges and incorporates by reference their responses to Paragraphs 1 through 75 of Plaintiff's Complaint and Amended Complaint as if fully set forth herein.

77.

Defendant denies the allegations contained in Paragraph 77 of Plaintiff's Complaint and Amended Complaint.

78.

All other allegations and prayers contained in Plaintiff's Complaint, Amended Complaint, or in the Affidavits attached thereto, not heretofore or otherwise answered, are hereby denied by this Defendant.

WHEREFORE, having fully answered the Plaintiff's Complaint and Amended Complaint, Defendant prays that the same be dismissed with all costs cast upon the Plaintiff, or in lieu thereof, that it have a trial by jury of twelve (12) as to all issues contained therein.

Respectfully submitted this _2 nd_ day of August, 2019.

HALL BOOTH SMITH, P.C.

TERRELL W. BENTON, III
Georgia Bar No. 053740
WILLIAM R. STORY
Georgia Bar No. 340477
*Counsel for Defendant*
*Eastside Medical Center, Inc.*

191 Peachtree Street, NE, Suite 2900
Atlanta, Georgia  30303-1775
404-954-5000; (fax) 404-954-5020

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **ANSWER AND AFFIRMATIVE DEFENSES OF EASTSIDE MEDICAL CENTER, INC. TO PLAINTIFF'S COMPLAINT AND AMENDED COMPLAINT** upon all parties to this matter by electronic filing via the *Peach Court* electronic filing system, and by depositing a true copy of same in the U. S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Camille Godwin, Esq.
Eric J. Hertz, PC
8500 Dunwoody Pl, Suite 210
Atlanta, GA  30350
Camille@hertz-law.com
*Counsel for Plaintiffs*

Respectfully submitted this 20 day of August, 2019.

HALL BOOTH SMITH, P.C.

TERRELL W. BENTON, III
Georgia Bar No. 053740
*Counsel for Defendant*
*Eastside Medical Center, Inc.*

191 Peachtree Street, NE
Suite 2900
Atlanta, GA 30303-1775
404-954-5000; (fax) 404-954-5020