# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KENNETTE REED, as surviving spouse and Administrator of the Estate of EDD LEE REED, deceased,<br><br>Plaintiff,<br><br>v.<br><br>EASTSIDE MEDICAL CENTER, INC., LP ATLANTA, LLC, d/b/a SIGNATURE HEALTHCARE OF BUCKHEAD, SIGNATURE HEALTHCARE CLINICAL CONSULTING SERVICES, LLC, SIGNATURE HEALTHCARE CONSULTING SERVICES, LLC, LP O HOLDINGS, LLC, JOHN DOES (1-5), and ABC CORPORATIONS (1-5),<br><br>Defendants. | CIVIL ACTION FILE<br><br>NO. 1:19-cv-03967-ELR |

**REPLY IN SUPPORT OF MOTION TO COMPEL ALTERNATIVE DISPUTE RESOLUTION AND STAY PROCEEDINGS**

Defendants LP Atlanta, LLC, Signature HealthCARE Clinical Consulting Services, LLC, Signature HealthCARE Consulting Services, LLC, and LP O HOLDINGS, LLC (collectively, "Signature Defendants"), have moved to compel alternative dispute resolution and stay these proceedings pending the conclusion of

10182706v.1

the parties' contractually agreed-upon alternative dispute resolution procedures. Plaintiff has filed a response in opposition. For their reply in further support of their motion, the Signature Defendants state as follows:

In seeking to avoid the binding agreement she signed on her husband's behalf, Plaintiff first argues that regulations promulgated by the Centers for Medicare and Medicaid Services ("CMS") which took effect on September 16, 2019, render the parties' alternative dispute resolution agreement unenforceable. "[R]egulations ordinarily are not to be given retroactive effect." *Wright v. Director, Fed. Emergency Mgmt. Agency*, 913 F.2d 1566, 1572 (11th Cir. 1990). "Retroactivity is not favored in the law. Thus, congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988).

Plaintiff makes no real attempt to argue that CMS intended the new regulations to apply retroactively, as no language in the regulation supports such an argument. The regulation provides, in pertinent part:

> The facility must not require any resident or his or her representative to sign an agreement for binding arbitration as a condition of admission to, or as a requirement to continue to receive care at, the facility and must explicitly inform the resident or his or her representative of his or her right not to sign the agreement as a condition of admission to, or as a requirement to continue to receive care at, the facility.

2

42 C.F.R. § 483.70(n)(1). The regulation's effect is clear: **beginning September 16, 2019**, facilities may not condition admission on a resident's agreement to binding arbitration. The regulation does not purport to disturb arbitration agreements entered into before its effective date. If CMS had intended the regulation to apply retroactively, notwithstanding the propriety of such application, it could have easily said so in the regulation. It did not.

Plaintiff's argument that the parties' agreement is illegal or against public policy is similarly misguided. The CMS regulations do not invalidate existing arbitration agreements, but govern arbitration agreements executed on or after September 16, 2019. Signature Defendants concede that pre-dispute arbitration agreements executed after that date as a condition of admission to a long-term care facility are not enforceable under 42 C.F.R. § 483.70(n)(1).[1] But the CMS regulations do not and cannot impair the integrity of existing contracts like the one at issue here.

"Laws prescribe only for the future; they cannot impair the obligation of contracts nor, ordinarily, have a retrospective operation." OCGA § 1-3-5. Georgia's appellate courts have been loath to invalidate existing private contracts based on

---

[1] Whether this prohibition violates the Federal Arbitration Act (the "FAA") and its requirement to "place arbitration agreements on an equal footing with other contracts" and "enforce them according to their terms" is an open question. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). Fortunately, this Court need not address it for purposes of this motion.

newly announced "public policy" grounds. *See*, *e.g.*, *Robert & Co. Associates v. Pinkerton & Laws Co.*, 183 S.E.2d 628, 629 (Ga. Ct. App. 1971) (refusing to set aside a hold harmless agreement executed prior to a legislative enactment declaring such agreements to be against public policy and unenforceable, noting that the operative statute bore no indication that it was intended to apply retroactively); *Bryant v. PMC Capital, Inc.*, 535 S.E.2d 319, 320 (Ga. Ct. App. 2000) (holding that trial court erred in finding a contract unenforceable by retroactively applying new SBA regulations in a manner that impaired the parties' obligations under a pre-existing contract). While long-term care facilities are prohibited from requiring residents to commit to binding arbitration as a condition of admission moving forward, nothing in the CMS regulations precludes facilities from enforcing commitments already in existence.

Plaintiff next argues that the parties' agreement cannot be enforced "because they cannot prove acceptance by Plaintiff." (Dkt. No. 13, p. 6). Plaintiff claims that the Signature Defendants "have submitted no evidence of Plaintiff's acceptance apart from attaching the contested agreement as an exhibit to their motion." (Dkt. No. 13, p. 6). Plaintiff goes on to argue that the "only indication of acceptance . . . is a purported signature at the bottom of the agreement"—"a standardized, electronic signature imprinted by computer." (Dkt. No. 13, p. 6). The Court should note that **<u>Plaintiff has not denied signing the agreement.</u>** Plaintiff does not actually contest

the validity of the signature, but simply complains that the Signature Defendants have failed to authenticate that signature. But the authenticity of the signature has not been placed at issue.

The burden of proof is on the party contesting the genuineness of a signature on a contract. *See, e.g.*, *Bunn v. Farmers' Warehouse Co.*, 90 S.E. 78, 79 (Ga. Ct. App. 1916). "It is . . . the policy of Georgia law, wherever possible, to uphold contracts. . . ." *Nelson v. State Farm Life Ins. Co.*, 344 S.E.2d 492, 494 (Ga. Ct. App. 1986). "[D]eliberately evasive" and "equivocal circumstantial" claims that a signature "may[] or may not" be that of Plaintiff are insufficient to invalidate the arbitration agreement. *Id.* at 495. Plaintiff has provided this Court with no evidence that the signature is not precisely what it purports to be—her own. She has not even denied signing the agreement on her husband's behalf. Plaintiff's attempt to muddy clear waters fails.[2]

Finally, Plaintiff argues that the Signature Defendants "cannot show a meeting of the minds as to all essential terms of the contract." (Dkt. No. 13, pp. 8–9). This is

---

[2] Plaintiff is also incorrect that the signature is the "only indication" of acceptance. As Plaintiff repeatedly points out in her opposition to the Signature Defendants' motion, acceptance of the arbitration agreement was required for a resident to be admitted to the facility. It is undisputed that Reed was admitted to the facility, which would not have occurred absent Plaintiff's acceptance of the agreement. "[A]ssent to the terms of a contract may be given other than by signatures." *Legg v. Stovall Tire & Marine, Inc.*, 538 S.E.2d 489, 491 (Ga. Ct. App. 2000).

5

so, Plaintiff claims, because she failed to sign a portion of the agreement attesting to her legal authority to sign the agreement on her husband's behalf, agreeing not to contest the validity or enforceability of the agreement, and acknowledging understanding that the resident and his/her agents, heirs, beneficiaries, estate, and assigns would be bound by the agreement. (Dkt. No. 13, p. 9). This classic elevation of form over substance contravenes the strong public policy under Georgia law of enforcing private contracts. Plaintiff undoubtedly assented to the arbitration agreement and its terms. She signed at the end of the five-page agreement under bolded, all capitalized print stating:

> **I HAVE READ THIS DOCUMENT, UNDERSTAND IT, HAVE HAD THE CHANCE TO ASK QUESTIONS, AND ACKNOWLEDGE MY RIGHT TO SPEAK WITH AN ATTORNEY ABOUT THIS. I UNDERSTAND THIS AGREEMENT IS REQUIRED FOR ADMISSION TO THE FACILITY. I VOLUNTARILY CONSENT TO ALL OF ITS TERMS AND CONDITIONS. I HAVE RECEIVED A COPY OF IT, OR UNDERSTAND AND AGREE THAT THE FACILITY WILL PROVIDE A COPY TO ME UPON MY REQUEST.**

(Dkt. No. 6–2, p. 5). Furthermore, Plaintiff does not contest her authority to sign the arbitration agreement on her husband's behalf. These arguments, therefore, are meritless.

## CONCLUSION

The parties to this action made a commitment to resolve any "dispute or legal claim of any kind" between them through alternative dispute resolution agreement.

6

In filing this action, Plaintiff has breached that commitment. It now falls to this Court to enforce the parties' contract. Plaintiff's arguments against the enforceability of the agreement she signed are contrary to law. The agreement should be enforced and the Signature Defendants' motion should be granted.

Respectfully submitted, this 4th day of October, 2019.

                                          **WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

3348 Peachtree Rd. NE
Suite 1400
Atlanta, GA 30326
T:  470-419-6650
F:  470-419-6651
shawn.bingham@wilsonelser.com

/s/  *W. Shawn Bingham*
W. Shawn Bingham
GA Bar No. 839706

*Counsel for the Signature Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the within and foregoing REPLY IN SUPPORT OF MOTION TO COMPEL ALTERNATIVE DISPUTE RESOLUTION AND STAY PROCEEDINGS by way of electronic e-filing through the Court's CM/ECF system which will automatically forward a filed copy of the within document, as follows:

Tyler Watkins
Camille Godwin
ERIC J. HERTZ, PC
8300 Dunwoody Place, Suite 210
Atlanta, GA 30325
*Counsel for Plaintiff*

Terrell W. Benton, III
William R. Story
HALL BOOTH SMITH, P.C.
191 Peachtree Street NE, Suite 2900
Atlanta, GA 30303-1775
*Counsel for Defendant Eastside Medical Center, Inc.*

This 4th day of October, 2019.

/s/ W. Shawn Bingham
W. Shawn Bingham
GA Bar No. 839706

10182706v.1